UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RENAE BENNETT,                                     :
                                                   :
                              Plaintiff,           :     **ECF CASE**
                                                   :
                - against -                        :     12-CIV-0342
                                                   :
LRN CORPORATION and RONALD CHAROW,                 :     **ANSWER AND AFFIRMATIVE**
Individually,                                      :     **AND OTHER DEFENSES**
                                                   :
                              Defendants.          :

---------------------------------------------------------------x

Defendants LRN Corporation ("LRN") and Ronald Charow ("Charow") (collectively, the "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, as and for its Answer to the Complaint of Plaintiff Renae Bennett ("Plaintiff"), state as follows:

## NATURE OF THE CASE

1.      Defendants deny the allegations contained in paragraph 1 of the Complaint except admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, the laws of the State of New York, and the Administrative Code of the City of New York against Defendants.  Defendants further admit that Plaintiff purports to assert supplemental jurisdiction pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. § 1367.

## JURISDICTION AND VENUE

2.      Because the allegations in paragraph 2 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants admit that plaintiff purports to base jurisdiction upon the statutes cited therein.

3.      Because the allegations in paragraph 3 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to assert that federal question jurisdiction exists here.

14278285v.1

4.      Because the allegations in paragraph 4 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants admit that LRN has offices located in New York County, New York and that venue is proper in this District.

5.      Upon information and belief, Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Upon information and belief, Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Upon information and belief, Defendants admit the allegations in paragraph 7 of the Complaint.

## PARTIES

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint, except admit that LRN is a private corporation organized under the laws of the state of Delaware.

10.     Defendants deny the allegations in paragraph 10 of the Complaint, except admit that LRN is authorized to conduct business in the state of New York.

11.     Defendants deny the allegations in paragraph 11 of the Complaint, except admit that LRN conducts business in the state of New York.

12.     Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint, except avers that Charow's title is Executive Vice President Chief Financial Officer.

15.     Because paragraph 15 of the Complaint does not contain any allegations, no response is required.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

## **MATERIAL FACTS**

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23, except admit that Plaintiff sought to plan an event at the "New Jersey Hot Air Balloon Festival" and that the event was cancelled at its early stages based on unavailability of certain executive personnel.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint, except admit that Plaintiff moved her desk.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Because the allegations in paragraph 46 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 46 of the Complaint.

## AS A FIRST CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>DISCRIMINATION</u>

47.     With respect to the allegations in paragraph 47 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Because the allegations in paragraph 48 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants state that the statute speaks for itself and deny any wrongdoing.

4

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

## AS A SECOND CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

50.     With respect to the allegations in paragraph 50 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Because the allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants state that the statute speaks for itself and deny any wrongdoing.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

## AS A THIRD CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>SUPERVISOR LIABILITY</u>

53.     With respect to the allegations in paragraph 53 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Because the allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants state that the statute speaks for itself and deny any wrongdoing.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

## AS A FIFTH CAUSE OF ACTION UNDER
## STATE LAW
## <u>FOR DISCRIMINATION</u>

56.     With respect to the allegations in paragraph 56 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

14278285v.1

57.     Because the allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants state that the statute speaks for itself and deny any wrongdoing.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint, except admit that Plaintiff purports to assert claims under Executive Law Section 296.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**
**<u>RETALIATION</u>**

60.     With respect to the allegations in paragraph 60 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     Because the allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, Defendants state that the statute speaks for itself and deny any wrongdoing.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

**AS A SEVENTH CAUSE OF ACTION UNDER**
**TITLE VII**
**<u>DISCRIMINATION</u>**

63.     With respect to the allegations in paragraph 63 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Defendants deny the allegations in paragraph 64 of the Complaint, except admit that Plaintiff purports to assert claims under Title VII.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

14278285v.1

## AS A SEVENTH CAUSE OF ACTION UNDER
## TITLE VII
## <u>RETALIATION</u>

66.     With respect to the allegations in paragraph 66 of the Complaint, Defendants

hereby incorporate their answers to paragraphs 1 through 65 of the Complaint as if fully set forth

herein.

67.     Because the allegations in paragraph 67 of the Complaint state a legal conclusion,

no response is required.  To the extent a response is required, Defendants state that the statute

speaks for itself and deny any wrongdoing.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

Defendants deny the allegations in the first wherefore clause, including, without

limitation, subparts A through F thereof, and aver that Plaintiff is not entitled to any of the relief

sought therein.

## <u>JURY DEMAND</u>

Defendants object to a trial by jury on Plaintiff's equitable claims, Plaintiff's claims for

back pay and front pay, and all other issues as to which a jury is not permitted as of right or as a

matter of law.

Defendants deny the allegations in the second wherefore clause and aver that Plaintiff is

not entitled to any of the relief sought therein.

## <u>GENERAL DENIAL</u>

Defendants deny each and every allegations in the Complaint not specifically admitted

herein.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Defendants assert the following affirmative and other defenses without assuming any

burden of production or proof that they would not have otherwise.

14278285v.1

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages must be reduced to the extent that she has failed to reasonably mitigate them.

## THIRD DEFENSE

Subject to proof through discovery, some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence and/or unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or laches.

## FIFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by her failure to have exhausted her federal, state or local administrative remedies.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent they occurred and/or accrued outside of the applicable statute of limitations, and, subject to proof through discovery, Plaintiff does not establish any continuing violation.

## SEVENTH DEFENSE

To the extent applicable, the individuals who made any employment decisions with respect to Plaintiff do not have records of discriminatory or retaliatory conduct.

## EIGHTH DEFENSE

LRN is not vicariously liable for any unauthorized acts of its employees or agents.

## NINTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages she may have suffered.

## TENTH DEFENSE

At all times, Defendants acted reasonably and in good faith.

## ELEVENTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory business reasons.

## TWELFTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

## THIRTEENTH DEFENSE

Defendants neither engaged in the purported discrimination, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination of Plaintiff.

## FOURTEENTH DEFENSE

During the relevant time period, LRN had and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful discriminatory conduct by employees.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because LRN promulgated firm policies against harassment and otherwise exercised reasonable care to prevent and correct promptly any alleged discrimination and harassment, and Plaintiff unreasonably failed to promptly take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

9

## SIXTEENTH DEFENSE

Defendants did not know, nor should they have known, of any alleged harassment of Plaintiff based upon her alleged protected status.

## SEVENTEENTH DEFENSE

Defendants did not create a hostile working environment for Plaintiff, and had they been presented with allegations of any sexual harassment, would have promptly and thoroughly investigated such allegations and, as warranted, taken appropriate actions in connection therewith.  Further, to the extent Defendants were presented with any allegations of sexual harassment, Defendants promptly and thoroughly investigated the allegations, and, as warranted, took appropriate actions in connection therewith.

## EIGHTEENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that she seeks because they are not authorized under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, the New York State Executive Law, § 296 *et seq.*, the United States Constitution, and/or the Constitution of the State of New York.

## NINETEENTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice, actual participation in unlawful acts by management or reckless indifference, nor can she impute liability for punitive damages to LRN, because of its comprehensive good-faith efforts to comply with anti-discrimination laws.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions, and/or by the statutes under which this action purports to be brought.

14278285v.1

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to punitive damages because she cannot show that management has authorized, participated in, consented to or ratified the conduct giving rise to such damages.

### TWENTY-SECOND DEFENSE

Plaintiff is not entitled to damages to the extent Defendants did not proximately cause any alleged distress, injuries and/or damages of which Plaintiff complains.

### TWENTY-THIRD DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any alleged retaliation in the workplace.

### TWENTY-FOURTH DEFENSE

Defendants are not employers under the meaning of the Title VII, the New York State Human Rights Law, New York State Executive Law § 290 *et seq.* or the New York City Administrative Code.

### TWENTY-FIFTH DEFENSE

LRN has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with § 8-107(13)(d) of the New York City Administrative Code.

### TWENTY-SIXTH DEFENSE

All relevant factors should be considered in accordance with § 8-107(13)(e) and (f) of the New York City Administrative Code.

### TWENTY-SEVENTH DEFENSE

Mitigating factors should be taken into account in accordance with § 8-126(b) of the New York City Administrative Code.

## RESERVATION OF RIGHTS

Defendants reserve their right to amend their answer and to assert any additional affirmative or other defenses as may become available or apparent at a future date.

**WHEREFORE**, Defendants pray that the Court enter a judgment:

69.     dismissing the Complaint;

70.     granting to Defendants their costs, including attorneys' fees, incurred in this action; and

71.     granting to Defendants such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       March 26, 2012

                              SEYFARTH SHAW LLP


                              By:      s/ Christopher H. Lowe
                                       Christopher H. Lowe
                              620 Eighth Avenue
                              New York, NY  10018-1405
                              (212) 218-5500

                              Attorneys for Defendants
                              LRN Corporation and Ronald Charow

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2012, I electronically filed the foregoing Answer and
Affirmative Defenses with the Clerk of the Southern District Court using the CM/ECF system,
which sent notification of such filing to the following:

Adriane S. Eisen, Esq.
Arce Law Group
30 Broad Street, 35th Floor
New York, New York 10004
Tel: (212) 248-0120

Attorneys for Plaintiff

By: <u>s/ Christopher H. Lowe</u>
Christopher H. Lowe

13