RECEIVED APR 13 2012 CHAMBERS OF ANDREW J. PECK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/16/12

----------------------------------------x
RENAE BENNETT,

                      Plaintiff,

   - against -

LRN CORPORATION and RONALD CHAROW,
Individually,

                      Defendants.

----------------------------------------x

: ECF CASE
:
: 1:12-cv-00342-BSJ-AJP
:
: **JOINT ELECTRONIC**
: **DISCOVERY SUBMISSION NO. 1**
: **AND PROPOSED ORDER**

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and Proposed Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

(1)    Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:

        Single-plaintiff employment discrimination action. Specifically, Plaintiff claims, pursuant to Title VII of the Civil Rights Act of 1964, New York State Executive Law, and the New York City Administrative Code, that she was harassed and discriminated against by Defendants on the basis of her sex/gender, together with sexual harassment and *quid pro quo* sexual harassment, and that she was retaliated against. Defendants deny all such claims.

        (a)    Estimated amount of Plaintiff(s)' Claims:

                —   Less than $100,000
                —   Between $100,000 and $999,999
                —   Between $1,000,000 and $49,999,999
                —   More than $50,000,000
                —   Equitable Relief
                X   Other (if so, specify) None at this time.

14345180v.3

(b) Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:

— Less than $100,000
— Between $100,000 and $999,999
— Between $1,000,000 and $49,999,999
— More than $50,000,000
— Equitable Relief
X Other (if so, specify) _None at this time._

(2) **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3) **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): April 5, 2012.

(4) **Unresolved Issues:** After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: ___ Preservation; ___ Search and Review; ___ Source(s) of Production; ___ Form(s) of Production; ___ Identification or Logging of Privileged Material; ___ Inadvertent Production of Privileged Material; ___ Cost Allocation; and/or ___ Other (if so, specify) _____. To the extent specific details are needed about one or more issues in dispute, describe briefly below.

_The parties engaged in a telephonic meet-and-confer on April 5, 2012. At this juncture, the parties do not anticipate that court intervention will be required with respect to any of the aforementioned issues. Should that change, the parties will inform the Court expeditiously in order to obtain guidance and a prompt resolution to the dispute._

As set forth below, to date, the parties have addressed the following issues:

(5) **Preservation.**

(a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.

2

14345180v.3

> The parties each have taken appropriate steps to preserve potentially relevant information, including via implementing a litigation hold with respect to persons who may possess or control potentially relevant information. Defendants have also coordinated with IT personnel to verify that there are no automated processes in place that could result in the deletion of such information.

(b) State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

> The parties agree that litigation hold communications are subject to both the attorney-client privilege and work-product protection and accordingly will not be disclosing this information absent court order or the parties' subsequent agreement otherwise.

(c) The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:

> The parties do not presently anticipate the need for judicial intervention regarding the duty to preserve, the scope or the method(s) of preserving electronically stored information ("ESI").

(6) **Search and Review**

(a) The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below.

> The parties have agreed to revisit the issue of appropriate methodologies and protocols for the search and review of ESI once document requests have been exchanged, but are generally amenable to the use of keywords (with appropriate validation), date ranges, and file type limitations. The parties have agreed that backup, archival, legacy, and deleted ESI is not reasonably accessible under Federal Rule of Civil Procedure 26(b) and accordingly will not be searched or reviewed absent express agreement to the contrary for particular custodians.

3

14345180v.3

(b) The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:

> The parties do not presently anticipate the need for judicial intervention regarding the search and review of ESI.

(7) **Production**

(a) Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):

> Plaintiff anticipates that discovery may occur from the following sources: email and user-created files (located on Plaintiff's personal computer or in the cloud), text messages, social media, blogs, and web sites.

Defendant(s):

> Defendants anticipate that discovery may occur from the following sources: email (both from the email server and in local PST archives), and user-created files (located on file servers and individual computer hard drives).

(b) Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

> The parties have agreed to search for responsive information for the period May 10, 2011 through August 10, 2011 from the following custodians: Renae Bennett, Ronald Charow, and such other custodians as the parties may agree in the future. Defendants are also working to determine whether non-party Global Employment Solutions may be in possession of relevant ESI.

4

(c) Form(s) of Production:

(1) The parties have reached the following agreements regarding the form(s) of production:

Plaintiff(s):

Plaintiffs shall produce responsive ESI in a format (or formats) to be agreed upon by the parties that may vary depending upon the type of responsive ESI that is identified.

Defendant(s):

Defendants shall produce responsive ESI in PDF form at Plaintiff's request.

(2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

None at this time.

(3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

The parties do not presently anticipate the need for judicial intervention regarding the form of production of ESI.

14345180v.3

(d) Privileged Material.

    (1) Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

> The parties shall adopt the privilege logging procedures set forth in Sections II.D. and II.E. of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York, as guided by Local Civil Rule 26.2 and its accompanying committee note.

    (2) Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non- waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

> The parties intend to include a provision regarding the claw-back of inadvertently produced documents as provided in F.R.E. 502(d) in a more comprehensive protective order to be filed with the Court.

    (3) The parties have discussed a 502(d) Order. Yes _x_ ; No ___

The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.

(e) Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

    (1) Costs:

> The parties are not yet in a position to analyze or estimate the costs associated with the production of ESI, but in any event, and subject to the potential exception set forth below, the parties will each bear their own costs associated with the production of ESI.

(2) Cost Allocation. The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

> The parties have agreed that each side will generally bear its own costs, with the possible exception of any ESI located on data sources that are presumptively not reasonably accessible. To the extent such data sources become germane, the parties will negotiate an appropriate cost-shifting arrangement.

(3) Cost Savings. The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

> The parties have agreed not to employ a common electronic discovery vendor or a shared document repository.

(f) The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:

> The parties do not presently anticipate the need for judicial intervention regarding the production of ESI.

(8) **Other Issues:**

> None at this time.

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

| | |
|---|---|
| ARCE LAW GROUP, P.C. | SEYFARTH SHAW LLP |
| By /s/ Adriane S. Eisen | By /s/ Christopher H. Lowe |
| Adriane S. Eisen | Christopher H. Lowe |
| 30 Broad Street, 35th Floor | Caitlin A. Senff |
| New York, New York 10004 | 620 Eighth Avenue, 32nd Floor |
| 212.248.0120 | New York, New York 10018 |
| Attorneys for Plaintiff | 212.218.5500 |
| | Attorneys for Defendants |

BY ECF

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

copies! All counsel
Judge Jones

BY EC

14345180v.3